

In The

Court of Appeals

Seventh District of Texas at Amarillo

———————————————

No. 07-12-00359-CV

———————————————

UNIT PETROLEUM COMPANY, APPELLANT

V.

DAVID POND WELL SERVICE, INC.,
D/B/A, D.W.P. PRODUCTION, APPELLEE

On Appeal from the 31ˢᵗ District Court
Lipscomb County, Texas
Trial Court No. 11-04-4287; Honorable Steven Emmert, Presiding

July 25, 2014

## ORDER OVERRULING APPELLEE'S MOTION FOR REHEARING

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

On May 19, 2014, this Court issued its *Opinion* and *Judgment* in this cause, reversing the judgment of the trial court and declaring the rights of the parties.[1]

---

[1] *See Unit Petroleum Co. v. David Pond Well Serv.,* No. 07-12-00359-CV, 2014 Tex. App. LEXIS 5354 (Tex. App.—Amarillo May 19, 2014, no pet. h.)

Appellee, David Pond Well Service d/b/a D.W.P. Production, has filed a *Motion for Rehearing* relating to that portion of the opinion and judgment which grants Appellant, Unit Petroleum Company, the "exclusive executive right to establish a proration unit encompassing any of its leasehold estate." Remaining convinced that our original opinion and judgment are correct, we write to address Appellee's primary argument.

Appellee's concern focuses on language in this Court's opinion and judgment stating that Appellant has the "exclusive" right to establish a proration unit encompassing its own leasehold estate. As used in our opinion and judgment, "exclusive" means exclusive as between Appellant and Appellee, as opposed to being held by Appellee alone or by Appellee and Appellant jointly. Our opinion and judgment should not be read as limiting the well-established authority of the Texas Railroad Commission. Appellee's motion for rehearing is overruled.

Patrick A. Pirtle
Justice